# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHARLIE GABERTAN,<br><br>                      Plaintiff,<br><br>    v.<br><br>WALMART INC.,<br><br>                      Defendant. | Case No. 3:21-cv-05032<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**<br><br>(Pierce County Superior Court, No. 20-2-08908-2) |

Defendant Walmart Inc. ("Walmart"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, removes this action from the Superior Court of the State of Washington in and for Pierce County to the United States District Court for the Western District of Washington. In support, Walmart states as follows:

## I.    INTRODUCTION

1. Plaintiff Charlie Gabertan ("Plaintiff") filed this putative class action in the Superior Court of the State of Washington in and for Pierce County on December 18, 2020. Pursuant to Local Civil Rule 101(b)(1), the complaint (the "Complaint") is attached to this Notice of Removal.

2. According to the Declaration of Service submitted by Plaintiff, Walmart was purportedly served with the Complaint on December 23, 2020. *See* Exhibit A. This Notice of

NOTICE OF REMOVAL - 1
CASE NO. 3:21-CV-05032

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Removal is filed within 30 days of service; it is timely and properly filed by Walmart. *See* 28 U.S.C. §§ 1446, 1453.

3. Plaintiff resides in Pierce County, Washington, Compl. ¶ 5, and, upon information and belief, is a citizen of Washington.

4. Walmart is a Delaware corporation with its principal executive offices located at 702 S.W. 8th Street, Bentonville, Arkansas. Walmart is therefore a citizen of Delaware and Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

5. Removal of this action is appropriate under 28 U.S.C. § 1332(d) because the parties are minimally diverse; the putative class size exceeds 100; and the alleged amount in controversy exceeds $5,000,000.

## II.     THE ALLEGATIONS IN THE COMPLAINT

6. Plaintiff alleges that on April 7, 2020, he received a single text message that stated, "WalmartRx – Are you 60+, high-risk, self-quarantining, or have COVID-19 symptoms? Use curbside pickup or have your Rx mailed." Compl. ¶ 13.

7. Plaintiff alleges that this text message violated Washington's Consumer Electronic Mail Act ("CEMA"). Based on that alleged violation, Plaintiff asserts a claim under the Washington Consumer Protection Act ("WCPA"). *Id.* ¶¶ 31–39.

8. Plaintiff seeks to represent a class of "[a]ll persons who are Washington residents who; within the four years prior to the filing of this lawsuit; were sent a commercial electronic text message; by or on behalf of Defendant; to said person's cellular telephone number; regarding Defendant's curbside, drive-thru, and/or prescription delivery services" (the "Putative Class"). *Id.* ¶ 20.

9. Plaintiff alleges that he and the Putative Class members are each entitled to recover $500 per text message, exemplary damages of $1,000 per text message, treble damages, declaratory and injunctive relief, and attorneys' fees. *Id.* ¶ 39 & wherefore cl.

NOTICE OF REMOVAL - 2
CASE NO. 3:21-CV-05032

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## III. NOTICE OF RELATED CASE

10. This case is related to *Gabertan v. Walmart Inc.*, No. 20-5520 (W.D. Wash), which has been pending in this Court since June 1, 2020. Both cases involve the same Plaintiff, the same Defendant, the same counsel, and the same underlying factual allegations.

## IV. JURISDICTIONAL STATEMENT

11. The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005) grants federal courts diversity jurisdiction over putative class actions that were commenced on or after its effective date of February 18, 2005, and that have minimal diversity, 100 or more class members, and an aggregate amount in controversy over $5,000,000. *See* 28 U.S.C. §§ 1332 note, 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). This action satisfies each of these requirements.

**A. Commencement**

12. As set forth above, this action was commenced on December 18, 2020, after CAFA's effective date. *See* Compl. Accordingly, CAFA applies to this action. *See* 28 U.S.C. § 1332 note.

**B. Minimal Diversity of Citizenship**

13. CAFA requires minimal diversity, i.e., that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. Walmart is a citizen of Delaware and Arkansas for purposes of 28 U.S.C. § 1332(c)(1).

15. Plaintiff and numerous members of the Putative Class are citizens of Washington. *Hoad v. Humane Soc'y of the United States*, No. 08-55620, 2009 U.S. App. LEXIS 22688, at *2 (9th Cir. Oct. 15, 2009) ("At the removal stage, Defendants are 'merely required to allege (not to prove) diversity.'" (citation omitted)).

16. Because Plaintiff and members of the Putative Class are citizens of a state different from Walmart, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A); *Broadway Grill,*

NOTICE OF REMOVAL - 3
CASE NO. 3:21-CV-05032

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

*Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

**C.     Numerosity**

17.     CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" be at least 100.  28 U.S.C. § 1332(d)(5)(B).  This requirement is satisfied by the Putative Class.  *See* Compl. ¶¶ 20, 23.

18.     The Complaint alleges that "[t]he members of the [Putative] Class . . . are believed to be so numerous that joinder of all members is impracticable."  *Id.* ¶ 23.

19.     The Complaint further alleges that there are "thousands of consumers throughout the state of Washington" who fall within the definition of the Putative Class.  *Id.*; *see also id.* ¶ 22 ("Plaintiff . . . believes the [Putative] Class members number in the several thousands.").  Therefore, there are at least 100 members of the Putative Class.  *See id.*

20.     Accordingly, CAFA's numerosity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(5)(B).

**D.     Amount in Controversy**

21.     CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  *Id.* § 1332(d)(2).  It provides that "to determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated."  *Id.* § 1332(d)(6).

22.     Plaintiff and the Putative Class seek to recover $500 per text message, exemplary damages of $1,000 per text message, treble damages, declaratory and injunctive relief, and attorneys' fees.  Compl. ¶ 39 & wherefore cl.

23.     Plaintiff alleges that the Putative "Class members number in the *several thousands*, if not more."  *Id.* ¶ 22 (emphasis added); *see also id.* ¶ 3 (alleging that Walmart "caused *thousands* of unsolicited commercial electronic text messages to be sent to the cellular

NOTICE OF REMOVAL - 4
CASE NO. 3:21-CV-05032

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

telephones of Plaintiff and [Putative] Class members" (emphasis added)); *id.* ¶ 23 (alleging the Putative Class includes "*thousands* of consumers throughout the state of Washington" (emphasis added)).

24. Although Walmart denies that it has any liability to Plaintiff or the Putative Class,[1] and denies that any class could be properly certified under Federal Rule of Civil Procedure 23, the aggregate amount of relief sought by the Putative Class exceeds $5,000,000, exclusive of interest and costs. Plaintiff alleges there are "several thousand" Putative Class members. By extrapolation, even assuming there are two thousand members, Plaintiff and the Putative Class seek $9,000,000 in damages (2,000 x $4,500 = $9,000,000). *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." (citing 28 U.S.C. § 1446(c)(2)(A))).

25. In addition, Plaintiff seeks attorneys' fees. Compl. ¶ 39. Attorneys' fees are included in determining the amount in controversy for purposes of CAFA jurisdiction. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019); *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (noting that courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award"). Therefore, the inclusion of attorneys' fees would elevate the amount in controversy further above the threshold CAFA jurisdictional requirement.

26. Because this is a putative class action that was commenced after February 18, 2005, and has minimal diversity, at least 100 putative class members, and an aggregate amount in controversy that exceeds $5,000,000, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and the action is removable under 28 U.S.C. § 1441(a).

---

[1] By removing this action to this Court, Walmart does not concede that it has any liability, let alone liability of greater than $5,000,000, to the members of the Putative Class. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).

NOTICE OF REMOVAL - 5
CASE NO. 3:21-CV-05032

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## V. PROCEDURAL STATEMENT

27. Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(b)(1), a copy of the Complaint is attached to this Notice of Removal and labeled "Complaint."

28. Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(c), any other process, pleadings, and orders that Plaintiff purportedly served on Walmart as of the date of the Notice of Removal will be filed separately with counsel's verification that they are true and complete copies.

29. Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction, and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 84 ("A statement 'short and plain' need not contain evidentiary submissions.").

30. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, the original Notice of Removal was timely filed within 30 days of service because Plaintiff purported to serve the Complaint on Walmart on December 23, 2020. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

31. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Western District of Washington is proper because it embraces the Superior Court of the State of Washington in and for the County of Pierce, where this action was pending before it was removed. *See* 28 U.S.C. § 128(b).

32. Pursuant to 28 U.S.C. § 1446(d), Walmart will promptly file a copy of this Notice of Removal in the Superior Court of the State of Washington in and for the County of Pierce, and give Plaintiff written notice of its filing.

33. By removing the action to this Court, Walmart does not waive any defenses that are available to it under state or federal law. Walmart expressly reserves all threshold defenses to this action and its right, for example, to move to dismiss or for the entry of judgment pursuant

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

to Federal Rules of Civil Procedure 12 and 56, and to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Walmart respectfully removes this action from the Superior Court of the State of Washington in and for the County of Pierce to the United States District Court for the Western District of Washington.

Dated: January 12, 2021

| | |
|---|---|
| */s/ Macee B. Utecht* <br> COZEN O'CONNOR <br> Macee B. Utecht, WSBA #55465 <br> 999 Third Avenue, Suite 1900 <br> Seattle, WA 98104 <br> Phone:  (206) 373-2791 <br> Email:  mutecht@cozen.com | */s/ Meredith C. Slawe* <br> */s/ Michael W. McTigue Jr.* <br> */s/ Marie Bussey-Garza* <br> COZEN O'CONNOR <br> Meredith C. Slawe (*pro hac vice* forthcoming) <br> Michael W. McTigue Jr. (*pro hac vice* forthcoming) <br> One Liberty Place <br> 1650 Market Street, Suite 2800 <br> Philadelphia, PA 19103 <br> Phone:  (215) 665-2000 <br> Email:  mslawe@cozen.com <br>             mmctigue@cozen.com <br> <br> E. Marie Bussey-Garza  (*pro hac vice* forthcoming) <br> 1717 Main Street, Suite 3100 <br> Dallas, TX 75201 <br> Phone:  (214) 462-3085 <br> Email:  mbussey-garza@cozen.com |

*Attorneys for Defendant Walmart Inc.*

NOTICE OF REMOVAL - 7
CASE NO. 3:21-CV-05032

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2021, a true and correct copy of the foregoing document was served upon the following counsel of record for Plaintiff by mail and email:

Kira M. Rubel, WSBA #51691
3615 Harborview Drive NW, Suite C
Gig Harbor, WA 98332
Phone: (253) 358-2215
kira@theharborlawgroup.com

Manuel Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Phone: (954) 400-4713
mhiraldo@hiraldolaw.com

Andrew J. Shamis
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Phone: (305) 479-2299
ashamis@shamisgentile.com

Scott Edelsberg, Esq.
19495 Biscayne Blvd., Suite 607
Aventura, FL 33180
Phone: (305) 975-3320
scott@edelsberglaw.com

*/s/ Macee B. Utecht*
Macee B. Utecht

NOTICE OF REMOVAL - 8
CASE NO. 3:21-CV-05032

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000