E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

December 18 2020 4:27 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-08908-2

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE**

| | |
|---|---|
| CHARLIE GABERTAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>WALMART, INC.,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff Charlie Gabertan brings this class action against Defendant Walmart, Inc., and alleges upon personal knowledge, experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## I.   NATURE OF THE ACTION

1. This is a putative class action under Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*, stemming from Defendant's violations of Washington's Commercial Electronic Mail Act (CEMA), RCW 19.190, *et seq*.

2. Corporations like Defendant have seized on the current pandemic and consumers' fears to increase their profits.  At issue here is Defendant's transmission of unsolicited commercial electronic text messages advertising Defendant's drive-thru, curbside pickup, and delivery services under the guise of a COVID-19 emergency.

3. Upon information and belief, Defendant caused thousands of unsolicited commercial electronic text messages to be sent to the cellular telephones of Plaintiff and Class

**CLASS ACTION COMPLAINT - 1**

members, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, including any attempts by Defendant in the future to promote its services using unsolicited commercial electronic text messages. Plaintiff also seeks statutory damages on behalf of himself and the Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant, including, but not limited to, costs and attorney's fees.

## II.  PARTIES

5. Plaintiff is, and at all times relevant hereto was, an individual and a natural person, and resident of Pierce County, Washington.

6. Plaintiff and putative class members are consumers, business entities, and cellular telephone users residing in the state of Washington, and are all "persons" as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(1).

7. Defendant Walmart, Inc., is a Delaware corporation headquartered in Bentonville, AR. Defendant transacts business throughout the state of Washington.

8. Defendant is a "person" as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(1).

## III.  JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to RCW 4.28.185 because Defendant transacts business within the State of Washington, and because Defendant's tortious acts occurred within this State. Defendant initiated and directed the transmission of unsolicited commercial electronic text messages text messages to Plaintiff's cellular telephone number to sell goods, services or products in Washington. Plaintiff telephone number has an area code that specifically coincides with locations in Washington, and Plaintiff received Defendant's commercial electronic text messages while residing in and physically present in Washington.

10. Venue is proper in this Court pursuant to RCW 4.12.020.

**CLASS ACTION COMPLAINT - 2**

## IV.   FACTS

11.     Plaintiff is a Washington resident and person who regularly uses a cellular telephone with the capacity to send and receive transmissions of electronic text messages.

12.     Plaintiff is the subscriber of the cellular telephone that received Defendant's unsolicited commercial electronic text message.

13.     On or about April 7, 2020, Defendant initiated the transmission of the following unsolicited commercial electronic text message to Plaintiff's cellular telephone number:



14.     The purpose of the above text message was to promote Defendant's goods and services, as is evident from the face of the text message.  Additionally, the link contained within the text message is a link to Defendant's website, where Defendant promotes its services and business hours.

15.     Specifically, on its website, Defendant promotes the availability of its pharmacies' hours and available services, including drive-thru, pick-up and delivery services.  Furthermore, the website contains a list of Defendant's pharmacy locations.  The website also contains a link to Defendant's general website, where it advertises and promotes a wide array of products and services.

16.     Plaintiff did not clearly and affirmatively consent in advance to receive Defendant's commercial electronic text message.

17.     Defendant's unsolicited commercial electronic text message invaded Plaintiff's privacy, constituted a nuisance, and wasted Plaintiff's time by requiring them to interact with the

**CLASS ACTION COMPLAINT - 3**

message.

18. Upon information and belief, Defendant initiated the transmission of unsolicited commercial electronic text message to the cellular telephones of hundreds and possibly thousands of Washington residents without first obtaining the recipients' clear and affirmative consent to receive such messages.

## V.  CLASS ALLEGATIONS

19. Plaintiff brings this case as a class action pursuant to CR 23(a) and CR 23(b)(3), individually and on behalf of all others similarly situated.

### *PROPOSED CLASS*

20. Plaintiff brings this case on behalf of the following class (the "Class"):
> **All persons who are Washington residents who; within the four years prior to the filing of this lawsuit; were sent a commercial electronic text message; by or on behalf of Defendant; to said person's cellular telephone number; regarding Defendant's curbside, drive-thru, and/or prescription delivery services.**

21. Defendant and its employees or agents are excluded from the Class.

22. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### *NUMEROSITY*

23. Upon information and belief, Defendant has initiated unsolicited commercial electronic text message to cellular telephone numbers belonging to thousands of consumers throughout the state of Washington without their clear and affirmative consent to receive such messages.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**CLASS ACTION COMPLAINT - 4**

### *COMMON QUESTIONS OF LAW AND FACT*

25. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant sent unsolicited commercial electronic text message to Washington residents; [2] Whether Defendant can meet its burden of showing that it obtained clear and affirmative consent to receive such messages; [3] Whether Defendants is liable for damages; [4] The amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

26. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant transmitted unsolicited commercial electronic text message is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### *TYPICALITY*

27. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### *PROTECTING THE INTERESTS OF THE CLASS MEMBERS*

28. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### *SUPERIORITY*

29. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the

**CLASS ACTION COMPLAINT - 5**

court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### VI. COUNT I
### VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT AND COMMERCIAL ELECTRONIC MAIL ACT
*On Behalf of Plaintiff and the Class*

31. Plaintiff re-alleges and incorporates paragraphs 1-30 as if fully set forth herein.

32. Washington's CEMA prohibits any "person" from initiating the transmission of an unsolicited commercial electronic text message to a Washington resident's cellular telephone, unless the recipient has clearly and affirmatively consented in advance to receive such text messages. *See* RCW 19.190.060(1) and 19.190.070(1)(b).

33. Defendant initiated the transmission of unsolicited commercial electronic text messages to Plaintiff and the Class members without first securing their clear and affirmative consent to receive such messages.

34. Thus, Defendant violated RCW 19.190.060(1).

35. Pursuant to RCW 19.190.100, initiating the transmission of unsolicited commercial electronic text messages to recipients who have not clearly and affirmatively consented to receive such text messages is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the CPA.

36. Pursuant to RCW 19.190.100, initiating the transmission of unsolicited commercial electronic text messages to recipients who have not clearly and affirmatively consented to receive such text messages is a matter vitally affecting the public interest for purposes of applying the CPA.

**CLASS ACTION COMPLAINT - 6**

37. Pursuant to RCW 19.190.100, initiating the transmission of unsolicited commercial electronic text messages to recipients who have not clearly and affirmatively consented to receive such text messages is not reasonable in relation to the development and preservation of business.

38. Pursuant to RCW 19.190.040(1), damages to Plaintiff and the Class members for Defendant's violations of the CEMA are the greater of $500 or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *See Wright v. Lyft, Inc.*, 189 Wn.2d 718, 732 (2017).

39. As a result of Defendant's actions and omissions, Plaintiff and the Class members are each entitled to recover $500 per text message, plus exemplary damages of $1,000 per text message, as well as costs and attorney's fees.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class, and against Defendant that provides the following relief: **[1]** A declaration that this action may be maintained as a class action; **[3]** Statutory damages of $500 per violation, and $1,000 per violation in exemplary damages; **[4]** Treble damages; **[5]** A permanent injunction prohibiting Defendant from initiating unsolicited commercial electronic text messages without recipients' clear and affirmative consent; **[6]** A declaration that Defendant initiated unsolicited commercial electronic text messages to Plaintiff and the Class members; and **[7]** An award of attorney's fees and costs incurred by Plaintiff's counsel in the prosecution of this lawsuit.

DATED: December 18, 2020

Respectfully Submitted,

**The Harbor Law Group**

*/s/ Kira M. Rubel*
Kira M. Rubel
Email: kira@theharborlawgroup.com
3615 Harborview Drive NW, Suite C
Gig Harbor, WA 98332-2129
Telephone: 253.358.2215

**CLASS ACTION COMPLAINT - 7**

**HIRALDO P.A.**
Manuel Hiraldo, Esq.
(*pro hac vice* to be filed)
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
MHiraldo@Hiraldolaw.com
Telephone: 954-400-4713

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
(*pro hac vice* to be filed)
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
(t) (305) 479-2299
(f) (786) 623-0915

**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
(*pro hac vice* to be filed)
scott@edelsberglaw.com
19495 Biscayne Blvd #607
Aventura, FL 33180
Telephone: 305-975-3320

*Counsel for Plaintiff*

**CLASS ACTION COMPLAINT - 8**